UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
LARRY B. LINDSEY,

                                  Plaintiff,

                    v.                                      1:07-CV-0753 (LEK/GHL)

PATRICIA DEANGELIS[1], Rensselaer County District Attorney;
LAURA KRUGLER, Assistant District Attorney,

                                Defendants.
------------------------------------------------------------
APPEARANCES:

LARRY B. LINDSEY
Plaintiff, *pro se*

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## DECISION AND ORDER

**I.    Introduction**

*Pro se* plaintiff Larry B. Lindsey ("plaintiff") has filed a Complaint alleging the violation of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] Plaintiff, who is presently confined at Rensselaer County Jail, has submitted an *in forma pauperis* application and inmate authorization form. See Dkt. Nos. 2, 3.

In his Complaint, plaintiff asserts claims arising out of several incidents which occurred from March through May, 2007 and which resulted in criminal charges being placed against plaintiff. Plaintiff claims that defendant Assistant District Attorney Krugler ("ADA Krugler") wrongfully prosecuted these criminal charges on the basis of

---

    [1] The correct spelling of Defendant's name is Patricia DeAngelis. The Clerk of the Court is instructed to change the spelling of Ms. DeAngelis's name from "Dargelis" to "DeAngelis" in the official caption and on the Docket.

    [2] Plaintiff has also commenced a second action in this District. Lindsey v. Tatanjia, 1:07-CV-0754 (LEK/GHL).

accusatory instruments from a complaining witness who was not required to swear to those complaints before a judge. See Compl. (Dkt. No. 1) at 5-6. Rensselaer County District Attorney Patricia DeAngelis is named as a defendant based on her role as defendant Krugler's supervisor. Id. at 4. For a complete statement of plaintiff's claims, reference is made to the Complaint.

**II.    Discussion**

Where a plaintiff seeks leave to proceed *in forma pauperis,* the Court must determine whether the plaintiff has demonstrated sufficient economic to proceed without prepaying, in full, the $350.00 filing fee. The Court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b)(1).

**A.  Economic Need**

In this case, plaintiff has demonstrated economic need and has filed the inmate authorization form required in this District. See Dkt. No. 3. Accordingly, plaintiff properly commenced this action without prepayment of the filing fee.

**B.  Sufficiency of the Complaint**

Turning to the second inquiry, 28 U.S.C. § 1915(e), as amended, directs that the Court:

(2)     [S]hall dismiss the case at any time if the court determines that -

> \*\*\*
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, there is a responsibility on the Court to determine that a complaint may be properly maintained in the District before it may permit a plaintiff to proceed with an action *in forma pauperis*.  Id.; 28 U.S.C. § 1915A(b)(1).

Plaintiff seeks to maintain this action pursuant to 42 U.S.C. § 1983.  Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by persons acting under color of state law.  German v. Fed. Home Loan Mortg. Corp., 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); see also Myers v. Wollowitz, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

"[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case."  Pinaud v. County of Suffolk, 52 F.3d 1139, 1147 (2d Cir. 1995) (internal quotations and citations omitted); see Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence).  This immunity applies to individual district attorneys for claims arising out of acts "within the scope of their duties in initiating and pursuing criminal prosecution."  Id. (internal quotations and citations omitted).

Based upon the Court's review of the Complaint, it appears that plaintiff's claims against ADA Krugler arise solely out her actions taken in the exercise of her prosecutorial function.  Accordingly, the Court finds that ADA Krugler is absolutely

3

immune from plaintiff's claims and dismisses her as a defendant in this action, with prejudice.

It is well settled that the personal involvement of a defendant is a prerequisite for the assessment of damages in a § 1983 action, McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), and that the doctrine of *respondeat superior* is inapplicable to section 1983 claims. Polk County v. Dodson, 454 U.S. 312, 325 (1981). The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir.1986).

Plaintiff does not claim that District Attorney DeAngelis engaged in any acts of wrongdoing or misconduct. Rather, plaintiff simply alleges that the District Attorney is "responsible for all the people that work for her . . . " Compl. (Dkt. No. 1) at 4. Based upon the foregoing, the Court finds that the Complaint fails to state a claim against District Attorney DeAngelis upon which relief may be granted.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

WHEREFORE, for the reasons stated above, it is hereby

**ORDERED**, that plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2)(B); and it is further

**ORDERED**, that the Clerk serve a copy of this Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

DATED:      August 02, 2007
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge